IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

**JOHNNY COFFEY v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Bradley County**
**No. M-08-597    Andrew M. Freiberg, Judge**

_____

**No. E2017-02206-CCA-R3-CD**

_____

The pro se Appellant, Johnny Coffey, appeals as of right from the Johnson County Criminal Court's order summarily dismissing his motion to correct an illegal sentence. Tenn. R. Crim. P. 36.1. The State has filed a motion to affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals. Following our review, we conclude that the State's motion is well-taken and affirm the order of the trial court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT H. MONTGOMERY, JR., JJ., joined.

Johnny Coffey, Pro Se, Wartburg, Tennessee.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Attorney General; Stephen D. Crump, District Attorney General; and Matthew Dunn, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On December 3, 2008, the Bradley County grand jury charged the Appellant with first degree murder. At trial, the jury convicted the Appellant of the lesser included offense of second degree murder and the trial court sentenced the Appellant to twenty years' incarceration. This court affirmed the Appellant's conviction and sentence on direct appeal. *State v. Johnny Coffey*, No. E2011-00192-CCA-R3-CD, 2012 WL 362969 (Tenn. Crim. App. Feb. 6, 2012), *perm. app. denied* (Tenn. Apr. 11, 2012). The Appellant unsuccessfully sought post-conviction relief, the denial of which was affirmed

by this court on direct appeal. *Johnny Coffey v. State*, E2013-01659-CCA-R3-PC, 2014 WL 1632765 (Tenn. Crim. App. Apr. 23, 2014), *perm. app. denied* (Tenn. Aug. 26, 2014).

On September 19, 2017, the Appellant filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. In his motion, the Appellant alleged that his sentence is illegal because "the trial court increased Coffey's sentence by five years based upon enhancement factors that were not submitted and determined by a jury . . . ." *See Blakely v. Washington*, 124 S. Ct. 2531 (2004). On October 11, 2017, the trial court summarily denied the 36.1 motion, ruling that the Appellant failed to present a colorable claim. The Appellant filed a timely notice of appeal from the trial court's order.

This court has held that "a *Blakely* violation would not render a judgment void and does not meet the definition of an illegal sentence under Rule 36.1." *State v. Rafael Antonio Bush*, No. M2016-01537-CCA-R3-CD, 2017 WL 2376825, at *7 (Tenn. Crim. App. June 1, 2017); *State v. James Ronald Rollins*, No. E2016-00186-CCA-R3-CD, 2016 WL 5920752, at *3 (Tenn. Crim. App. Aug. 16. 2016), *perm. app. denied* (Tenn. Jan. 19, 2017); *State v. Joseph B. Thompson*, No. E2015-01963-CCA-R3-CD, 2016 WL 2770178, at *1 (Tenn. Crim. App. May 10, 2016); *State v. Tony Samuel*, No. W2014-02085-CCA-R3-CD, 2015 WL 12978636 (Tenn. Crim. App. July 21, 2015).

Furthermore, our supreme court "has held repeatedly that the 2005 amendments resolved the Sixth Amendment constitutional concerns addressed in *Blakely v.Washington* that arise when trial courts rely on enhancement factors that have not been found by a jury." *State v. Cross,* 362 S.W.3d 512, 528 (Tenn. 2012) (citing *State v. Hester,* 324 S.W.3d 1, 69 (Tenn. 2010); State *v. Banks,* 271 S.W.3d 90, 144-45 (Tenn. 2008); *State v. Carter,* 254 S.W.3d 335, 342-44 (Tenn. 2007)). As aptly noted by the *Cross* court:

> Prior to being amended in 2005, Tennessee's sentencing laws set presumptive sentences in non-capital cases. The midpoint of the sentencing range was the presumptive sentence for all Class A felonies and the statutory minimum sentence was the presumptive sentence for all other felonies. Under the prior sentencing scheme, a trial court could not increase a defendant's sentence beyond the presumptive sentence in the absence of an enhancement factor. However, a trial court could increase the sentence to the maximum within the range if it found even a single enhancement factor.

In response to constitutional concerns arising from the United States Supreme Court's *Blakely v. Washington* decision, the General Assembly amended Tennessee's sentencing statutes to remove presumptive sentences. These changes to the sentencing structure "enabled Tennessee's trial courts to sentence a defendant to any sentence within the applicable range as long as the length of the sentence is 'consistent with the purposes and principles' of the sentencing statutes." The 2005 amendments to Tennessee's sentencing laws have plainly "increase[d] the amount of discretion a trial court exercises when imposing a sentencing term." These changes also eliminated the *Blakely* constitutional concern with Tennessee trial courts finding the facts necessary to apply enhancement factors.

*Id.* at 528-29 (internal citations omitted). The sentencing issues previously raised by *Blakely v. Washington* were rendered moot by the 2005 Amendments to the Sentencing Reform Act of 1989. Therefore, even if a *Blakely* claim had been properly presented, the Appellant, sentenced in 2010 for a 2008 offense, could not prevail.

Accordingly, the trial court properly denied the Appellant's Rule 36.1 motion without a hearing. Upon consideration of the foregoing and the record as a whole, we affirm the judgment of the Bradley County Criminal Court pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

_____
D. KELLY THOMAS, JR., JUDGE